﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200413-81370
DATE: February 26, 2021

ORDER

Entitlement to recognition of G.F.S. as a dependent of the Veteran for additional Department of Veterans Affairs (VA) dependency benefits is dismissed.

FINDING OF FACT

In June 2020, prior to the promulgation of a decision in the appeal, the Regional Office (RO) granted entitlement to recognition of G.F.S. as a dependent for VA dependency benefits based on clear and unmistakable error. This is a full grant of benefits.

CONCLUSION OF LAW

The appeal regarding entitlement to recognition of G.F.S. as a dependent for VA dependency benefits is dismissed, as it was granted, and there remains no justiciable case or controversy with respect to this claim. 38 U.S.C. § 7105.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran, who is the appellant, served on active duty from January 2001 to May 2002. 

This appeal to the Board of Veterans’ Appeals (Board) arose from a March 2020 notification letter by the VA RO. In the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Clear and Unmistakable Error

The Board notes that in March 2020, the Veteran submitted documents indicating that the she was granted Power of Attorney to Delegate Limited Parental or Legal Custodian Powers over G.F.S. In June 2020, the Veteran submitted a court order reflecting she was awarded sole legal and physical custody of her sibling, G.F.S. The RO mislabeled the Power of Attorney and legal guardianship documents as an adoption decree and granted entitlement to recognition of G.F.S. as a dependent for VA dependency benefits (which is a clear and unmistakable error). As G.F.S. is the Veteran’s sibling and has not been adopted by the Veteran, G.F.S. does not meet the definition of the term “child,” as defined for the purposes of establishing dependency status, an unmarried person who is a legitimate child; a child legally adopted before the age of 18 years; a stepchild who acquired that status before the age of 18 years and who is a member of the Veteran’s household at the time of the Veteran’s death; or an illegitimate child. 38 U.S.C. § 101(4); 38 C.F.R. § 3.57(a). Thus, while the benefit was granted, the grant is a clear and unmistakable error. 

Dismissal

As stated above, the RO denied entitlement to recognition of G.F.S. as a dependent for VA dependency benefits in a March 2020 notification letter. In a June 2020 notification letter, the RO granted entitlement to recognition of G.F.S. as a dependent for VA dependency benefits (which, as laid out above, is a clear and unmistakable error). Therefore, as the RO has erroneously granted the entitlement to recognition of G.F.S. as a dependent for VA dependency benefits, the dependency entitlement issue is no longer on appeal. In other words, there remains no justiciable case or controversy as to the claim because the benefit sought on appeal was granted in full. Accordingly, the appeal is dismissed. 38 U.S.C. § 7105.

However, the Board encourages the RO to review this case for clear and unmistakable error in awarding dependency benefits for G.F.S., who is not a child of the Veteran. 

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Sarah Campbell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.